IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DERRICK JACKSON, | : | |
| Petitioner | : | |
| VS. | : | |
| Sheriff BUTCH REESE, | : | NO. 5:07-CV-286 (HL) |
| Respondent | : | **O R D E R** |
| _____ | : | |

Petitioner **DERRICK JACKSON**, a pretrial detainee at the Jones County Jail in Gray, Georgia, has filed a writ of habeas corpus petition. Petitioner is awaiting trial on a variety of charges, apparently including identity theft. Because petitioner is not yet "in custody pursuant to the judgment of a State court," his claims arise under 28 U.S.C. § 2241. 28 U.S.C. § 2241(c); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003).

The Court notes that petitioner has filed two previous federal habeas corpus petitions challenging his present confinement. *See Jackson v. Reese*, 5:07-cv-117 (CAR) (M.D. Ga. Apr. 11, 2007) and *Jackson v. Reese*, 5:07-cv-158 (HL) (M.D. Ga. May 1, 2007). Both petitions were denied based upon petitioner's failure to exhaust his state court remedies.

Petitioner argues in his most recent filing that he has now exhausted his state court remedies by virtue of his filing a habeas corpus petition in state court. Superior Court Judge James L. Cline dismissed petitioner's petition on May 23, 2007, because petitioner "failed to file his Petition on the form prescribed by O.C.G.A. § 9-10-14 and otherwise failed to comply with the requirements of pleading in an action for writ of habeas corpus." Petitioner has additionally filed a "Petition for an

Emergency Order in the Appeals Court," which the Georgia Court of Appeals denied on or about May 16, 2007, because petitioner had no appeal docketed in said court.

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. ***See Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under section 2241 as well as section 2254); ***Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies."). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254c). Moreover, exhaustion requires that the petitioner "invok[e] one complete round of the State's established appellate review process." ***O'Sullivan v. Boerckel***, 526 U.S. 838, 845 (1999).

Contrary to petitioner's assertions, he has not exhausted his state court remedies. The superior court has not been given an opportunity to resolve petitioner's claims; instead, the Court dismissed petitioner's state habeas because he failed to use the proper forms or meet that court's pleading requirements. Petitioner retains the right to file a properly drafted petition or other claim for relief in the superior court, as well as to appeal to the Georgia Supreme Court from any denial by the superior court of the relief he seeks. Until petitioner pursues these avenues, his federal habeas action is premature.

Because petitioner has still not exhausted his state remedies, the instant petition, like

petitioner's previously filed action, is **DISMISSED**.

      **SO ORDERED**, this 27th day of JULY, 2007.

                *s/   Hugh Lawson*
                HUGH LAWSON
                UNITED STATES DISTRICT JUDGE

cr